Katherine CLANTON,
Plaintiff-Appellant,

v.

CAIN–SLOAN COMPANY,
Defendant-Appellee.

Supreme Court of Tennessee,
at Nashville.

Aug. 20, 1984.

Rehearing Denied Oct. 1, 1984.

Elliott Ozment, Nashville, for plaintiff-appellant.

Othal Smith, Jr., Nashville, for Tennessee State Labor Council, AFL–CIO (amicus curiae).

Gayle Malone, Jr., Nashville, for defendant-appellee.

## OPINION

BROCK, Justice.

This appeal presents the Court with an issue of first impression, to-wit: Whether an employee-at-will who is discharged because he or she files a claim for workers' compensation has a cause of action for retaliatory discharge against the employer. The Chancellor held that such an action could not be maintained and granted the defendant-employer's motion to dismiss the plaintiff's complaint under Rule 12.02(6), Tennessee Rules of Civil Procedure. The Court of Appeals affirmed and we granted permission to appeal under Rule 11, Tennessee Rules of Appellate Procedure.

The pertinent allegations are as follows: The plaintiff began working for the defendant under an at-will contract on August 28, 1978. On or subsequent to that date, the defendant for the purpose of relieving itself of its obligations under the Workers' Compensation Law imposed as an implied term or condition of employment the requirement that the plaintiff not submit a workers' compensation claim for disability.

On April 25, 1980, the plaintiff was injured in the course of her employment as a result of which she submitted a workers' compensation claim. A full settlement of the claim was negotiated on November 20, 1980. On the following day, the defendant dismissed her from its employ in retaliation for her pursuit of workers' compensation benefits. As a result the plaintiff suffered loss of wages and benefits "as well as enhanced, aggravated, and increased psychological damage serious and permanent in nature." The plaintiff brought suit, seeking compensatory and punitive damages and demanding a jury trial.

We first consider the history and purpose of workers' compensation laws. These laws were enacted in response to what were considered to be the inadequacies of the existing common law system of negligence, with its defenses of contributory negligence, assumption of the risk and fellow servant's rule. *New York Central R. Co. v. White*, 243 U.S. 188, 197, 37 S.Ct. 247, 250, 61 L.Ed. 667 (1917). The difficulty of proving fault in the industrial setting and the availability of the above defenses more often than not defeated the worker's hope for recovery.[1] The worker thus bore the large part of the loss resulting from

---

1. According to statistics of accidents occurring in 1907 in Germany, the first country to adopt a special compensation system for industrial accidents, employer's fault could be shown in only 17% of industrial accidents. The remaining 83% would not have been compensable under a common law system. 1 A. Larson, The Law of Workmen's Compensation, § 4.30 (1982); *see also, Batson-Milholme Co. v. Faulk*, 209 S.W. 837 (Tex.Civ.App.1919) (estimated 82% of injuries went uncompensated).

industrial accidents. *Id.* The workers' compensation laws were enacted as comprehensive measures designed to provide more adequate means of compensating victims of accidents occurring during employment.

Tennessee's Workers' Compensation Law, T.C.A., §§ 50–6–101 *et seq.*, first enacted in 1919, typifies in its general features the operation of workers' compensation laws and illustrates the manner in which the perceived ills of the old system were remedied. Under this Act, the employee is entitled to compensation, with certain exceptions, for injuries arising out of and in the course of employment without the requirement of proving the employer's negligence. T.C.A., §§ 50–6–102–103. The employer is deprived of the defenses of contributory negligence, assumption of risk and the fellow servant rule. T.C.A., § 50–6–111. Attorney's fees are limited to 20% of the employee's recovery. T.C.A., § 50–6–226. Any claim entering into litigation is expedited, T.C.A., § 50–6–225.

On the other hand, the statute abrogates the right of covered employees to recover for injuries incident to employment under common law doctrines of negligence. T.C.A., § 50–6–108. The employee (as well as the employer) has no right to a jury trial. T.C.A., § 50–6–225. The amount of compensation is limited and determined according to a definite schedule rather than left to the vagaries of a jury verdict. T.C.A., § 50–6–207.

The law is thus a comprehensive system that reflects a compromise between the interests of employers and employees. *See W.S. Dickey Manufacturing Company v. Moore,* 208 Tenn. 576, 581, 347 S.W.2d 493 (1961). It provides an expeditious and certain recovery for the employee while limiting the amount of liability to which the employer is exposed.

 Under long-established Tennessee law, an employee-at-will can be discharged without breach of contract for good cause, bad cause or no cause at all. *Payne v. Railroad Company,* 81 Tenn. 507 (1884); *Whittaker v. Care-More, Inc.,* 621 S.W.2d

395 (Tenn.1981). The question before the Court is whether an exception to this rule should be recognized where the cause of the discharge is the employee's exercise of rights under the workers' compensation laws. Although we have not previously addressed this issue, other courts have done so. *See* Annot. 63 A.L.R.3d 979, 981 (1975).

The Indiana Supreme Court's decision in *Frampton v. Central Indiana Gas Company,* 297 N.E.2d 425 (1973) is the leading case recognizing a cause of action for retaliatory discharge. After reviewing the history and purposes of the Workers' Compensation Act, the court stated:

> "[I]n order for the goals of the Act to be realized and for public policy to be effectuated, the employee must be able to exercise his right in an unfettered fashion without being subject to reprisal. If employers are permitted to penalize employees for filing workmen's compensation claims, a most important public policy will be undermined. The fear of being discharged would have a deleterious effect on the exercise of a statutory right. Employees will not file claims for justly deserved compensation—opting, instead, to continue their employment without incident. The end result, of course, is that the employer is effectively relieved of his obligation." *Id.* at 427.

The court determined that Indiana law made such a result unlawful, relying on the following statutory language:

> " 'No contract or agreement, written or implied, no rule, regulation or *other device* shall, in any manner, operate to relieve any employer in whole or in part of any obligation created by this act.' " *Id.* at 427–28.

The court held that the threat of a retaliatory discharge was just such a device. Accordingly, it recognized a cause of action for retaliatory discharge.

*Frampton* is especially significant for Tennessee in that the Indiana statute prohibiting devices is all but identical to T.C.A., § 50–6–114. Nevertheless, even in

the absence of such language, similar results have been reached. In *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978), the Illinois Supreme Court agreed with the Indiana court that retaliatory discharges seriously undermined the purpose of the Illinois Workers' Compensation Act. The court noted the absence of language prohibiting devices to relieve employers of liability[2] but stated:

"While the Indiana Supreme Court may have used the statutory language to buttress its decision, the overriding principle enunciated by the court is that the workmen's compensation statute embraced the important public policy that compensation should be available to injured workers. Certainly it cannot be argued that the absence of any language from the Act prohibiting devices whereby employers may circumvent their duties under the Act can be interpreted to mean that retaliatory discharge is less repugnant to the public policy of this State than it is to that of Indiana." *Id.* 23 Ill.Dec. at 564, 384 N.E.2d at 358.

Numerous courts since *Frampton* have reached similar results under statutes which do not explicitly create a cause of action for retaliatory discharge. *See, e.g., Brown v. Transcon Lines*, 284 Or. 597, 588 P.2d 1087 (1978); *Sventko v. Kroger Co.*, 69 Mich.App. 644, 245 N.W.2d 151 (1976); *Murphy v. City of Topeka-Shawnee Cty., Etc.*, 6 Kan.App.2d 488, 630 P.2d 186 (1981); *Lally v. Copygraphics*, 85 N.J. 668, 428 A.2d 1317 (1981); *Hansen v. Harrah's*, 675 P.2d 394 (Nev.1984); *Smith v. Piezo Technology & Prof. Adm'rs'*, 427 So.2d 182 (Fla.1983); *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730 (Ky.1984). In addition, California, Hawaii, Maine, Maryland, Minnesota, Missouri, New York, North Carolina, Ohio, Oklahoma, Texas and Wisconsin have by statute given workers either an administrative or judicial remedy for retaliatory discharge. 2A A. Larson, The Law of Workmen's Compensation,

§ 68.36, n. 51.2 (1982). Since *Frampton*, the clear trend has been to recognize such a cause of action, either judicially or by legislation.

We recognize that several courts have disagreed with *Frampton*, refusing to recognize such a cause of action. *See* Annot. 63 A.L.R.3d 979 (1975). Those courts, however, have not condoned retaliatory discharges. To the contrary, the first court to consider the issue characterized such conduct as 'reprehensible.' *Raley v. Darling Shop of Greenville, Inc.*, 216 S.C. 536, 59 S.E.2d 148 (1950). Rather, their primary rationale has been that the recognition of such a cause of action was a matter best left to the legislature. *See, e.g., Kelly v. Mississippi Valley Gas Co.*, 397 So.2d 874 (Miss.1981); *Dockery v. Lampart Table Co.*, 36 N.C.App. 293, 244 S.E.2d 272 (1978); *Bottijliso v. Hutchison Fruit Co.*, 96 N.M. 789, 635 P.2d 992 (N.M.App.1981). As expressed by the Mississippi court, "[i]f we create the remedy sought by plaintiff in this case, we would thereby engraft on the law an exception different from that expressed by the legislature." *J.C. Kelly v. Mississippi Gas Co.*, 397 So.2d at 877.

■ We disagree. As we pointed out above, the Workers' Compensation Law is a comprehensive scheme enacted to provide a certain and expeditious remedy for injured employees. It reflects a careful balancing of the interests of employer and employee. As the Indiana court stated, "[t]he Act creates a *duty* on the employer to compensate employees for work-related injuries ... and a *right* on the employee to receive such compensation." *Frampton v. Central Indiana Gas Co., supra*, 297 N.E.2d at 427 (emphasis supplied).

■ Retaliatory discharges completely circumvent this legislative scheme. Such discharges will have the effect of relieving the employer of its duty to compensate and the employee of his or her right to compen-

---

**2.** At the time the case was decided, the Illinois legislature had passed a statute prohibiting retaliatory discharges, although the statute did not explicitly create a cause of action. The statute was not in effect at the time of the discharge. The court in reaching its decision assumed that no statute prohibited retaliatory discharges.

sation. In this regard, we agree with *Frampton* that a retaliatory discharge constitutes a device under § 50–6–114. This section like the rest of the Act is to be given a liberal and equitable construction "to the end that the objects and purposes of this chapter may be realized and attained." T.C.A., § 50–6–116.

In our opinion, a cause of action for retaliatory discharge, although not explicitly created by the statute, is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature. A statute need not expressly state what is necessarily implied in order to render it effectual. *Firestone Textile Co. v. Meadows, supra,* 666 S.W.2d at 732; *Cf. State ex rel. Branch & Co. v. Sinking Fund Com'rs,* 1 Tenn.Cas. (Shannon) 490, 502 (Tenn.1875).

We have considered the defendant's argument that the legislature has expressly rejected an action for retaliatory discharge. In 1981, Senate Bill No. 24 was introduced, prohibiting discrimination against employees exercising rights under the workers' compensation law and permitting the employee to recover damages against an employer in violation of the prohibition. The bill was referred to committee which voted not to recommend its passage.

The full Senate did not vote against the passage of the bill. Neither did the House vote against its companion bill, House Bill No. 1207. We are not persuaded that the action of one Senate committee in recommending against passage of the bill constitutes a legislative intent to reject actions for retaliatory discharge. *Cf. Murphy v. City of Topeka-Shawnee Cty., supra,* 630 P.2d at 192.

The plaintiff seeks punitive as well as actual damages. Punitive damages are intended to punish the defendant for wrongful conduct and to deter others from similar conduct in the future. *Liberty Mutual Insurance Company v. Stevenson,* 212 Tenn. 178, 368 S.W.2d 760 (1963). Conduct giving rise to punitive damages includes fraud, malice, gross negligence, oppression, and willful misconduct. *Inland Container Corporation v. March,* 529 S.W.2d 43 (Tenn.1975). Courts recognizing a cause of action for retaliatory discharge have permitted the recovery of punitive damages. *See, e.g., Hansen v. Harrah's, supra; Kelsay v. Motorola, Inc., supra.* As has been pointed out, "the threat of punitive damages may be the most effective means of deterring conduct which would frustrate the purpose of our workmen's compensation laws." *Hansen v. Harrah's, supra,* 675 P.2d at 397. We therefore hold that in future cases a successful plaintiff in a suit for retaliatory discharge will be permitted to recover punitive damages; however, since this is a case of first impression in this jurisdiction, we conclude that punitive damages should not be recoverable in the instant case.

The judgment of the Court of Appeals is reversed. The case is remanded to the trial court for further proceedings not inconsistent with this opinion. Costs are assessed against the appellee.

COOPER, C.J., FONES and DROWOTA, JJ., and CORNELIUS, Special Judge, concur.