Elizabeth Gettys BLOOM

v.

GENERAL ELECTRIC
SUPPLY COMPANY.

No. 3–87–0850.

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 17, 1988.

As Amended Dec. 28, 1988.

Charles R. Ray of Ray & Housch, Nashville, Tenn., for plaintiff.

William N. Ozier, Bass, Berry & Sims, Nashville, Tenn., for defendant.

## MEMORANDUM

JOHN T. NIXON, District Judge.

This action was brought by the plaintiff, Elizabeth Gettys Bloom, in the Chancery Court for Davidson County, Tennessee. The plaintiff, a former employee of the defendant General Electric Supply Company, alleges a cause of action under the Tennessee Fair Employment Practices Law, T.C.A. §§ 4–21–401, et seq., and also asserts a claim for wrongful discharge in violation of the public policy of the State of Tennessee.

This case was removed to this Court by the defendant on the basis of diversity pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. The defendant has filed herewith a motion for partial summary judgment pursuant to Fed.R.Civ.P. 56 dismissing the plaintiff's claim for wrongful discharge. Plaintiff has alleged that her discharge

was retaliatory in nature in violation of the public policy exception to the employee at will rule. Defendant, on the other hand, strongly urges that the public policy exception to the employee at will doctrine does not reach the conduct complained of by the plaintiff.

## I. THE FACTS

The essential facts in this case are not in dispute. At the time of her termination, the plaintiff was employed by the defendant General Electric Supply Company as manager of the Nashville Distribution Center. In that position, the plaintiff was responsible for receiving orders for utility and industrial products from other General Electric Supply Company branches and insuring that the material was shipped to those facilities. The plaintiff's husband, Frank Bloom, was also employed at the defendant's Nashville branch office as an outside sales person where he was responsible for selling General Electric products to contractors.

On November 20, 1986, Mr. Bloom resigned from his employment with General Electric Supply Company to accept employment with Fisher Electric Supply Company, a competitor of the defendant in the Nashville area market. Upon learning of the resignation and new employment of the plaintiff's husband, the manager of the defendant's Nashville Operation terminated the plaintiff because of the potential conflict of interest situation and/or antitrust concerns created by that employment. Neither plaintiff nor her husband had a written contract with the defendant, therefore, they were both considered to be employees at will. It is further admitted that neither plaintiff nor her husband had executed covenants not to compete with the defendant.

## II. STANDARDS FOR SUMMARY JUDGMENT

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the United States Supreme Court explained the District Court's function in ruling upon a motion for summary judgment:

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted....

More important for present purposes, summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* 106 S.Ct. at 2510. (citations omitted).

■ It is likewise true that "[i]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. [citation omitted]. It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute.'" *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425, 427 (6th Cir.1962). As the Court of Appeals stated recently:

Summary judgment may only be granted when the pleadings, depositions, an-

swers to interrogatories, admissions and affidavits demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. All facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion. *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. denied,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

*Duchon v. Cajon Co.,* 791 F.2d 43 (6th Cir.1986). Under these holdings, three questions are to be considered upon a motion for summary judgment: (1) does the plaintiff present sufficient facts to establish all the elements of his claim; (2) are those facts sufficient to support a jury verdict or judgment; and (3) are there any material factual issues with respect to those facts.

### III. THE PUBLIC POLICY EXCEPTION TO THE EMPLOYMENT AT WILL DOCTRINE

This case presents an issue of first impression. Namely, whether the public policy exception to the employment at will doctrine applies to protect an employee's ability to work with a competing firm without retaliation. Here, the retaliation being the defendant's termination of the plaintiff's employment solely because her husband attained employment with a competing firm.

The State of Tennessee has a long standing rule that an employee at will can be discharged for good cause, for no cause, or even for cause morally wrong without being thereby guilty of a legal wrong. *Payne v. Western & A.R.R.,* 81 Tenn. (13 Lea) 507 (1884); *Whittaker v. Care–More, Inc.,* 621 S.W.2d 395, 396 (Tenn.Ct.App. 1981).

In *Clanton v. Cain–Sloan Co.,* 677 S.W. 2d 441 (Tenn.1984), the Tennessee Supreme Court created a public policy exception to the employment at will doctrine, holding that the State of Tennessee prohibits an employer from terminating an employee because that employee asserts a claim under the Tennessee Workers' Compensation Law. Since the Tennessee Supreme Court's decision in *Clanton,* the Tennessee Court of Appeals has broadened the "public policy" exception to the employment at will doctrine, holding that an employee may state a cause of action for retaliatory discharge where he is terminated "solely for refusing to participate in, to continue to participate in, or to remain silent about illegal activities." *See Chism v. Mid–South Milling Co., Inc.,* No. 53 (Tenn.Ct. App. Dec. 29, 1987) [1987 WL 30146], *Watson v. Cleveland Chair Co.,* 122 L.R.R.M. 2076 (Tenn.Ct.App.1985). Other jurisdictions have applied the public policy exception not only regarding workers compensation and illegal behavior but for terminations due to union activity, serving on a jury and refusing sexual advances. *Sterling Drug, Inc. v. Oxford,* 294 Ark. 239, 743 S.W.2d 380 (1988) (constructive discharge for reporting pricing violations to the General Services Admin.); *Montalvo v. Zamora,* 7 Cal.App.3d 69, 86 Cal.Rptr. 401 (Ct.App.1970) (discharge for designating non-union bargaining representative); *Wetherton v. Growers Farm Labor Ass'n,* 275 Cal.App.2d 168, 79 Cal.Rptr. 543 (Ct. App.1969) (discharge because of union activity); *Glenn v. Clearman's Golden Cock Inn, Inc.,* 192 Cal.App.2d 793, 13 Cal.Rptr. 760 (Ct.App.1961) (discharge because of union activity); *Petermann v. Int'l Bhd. of Teamsters,* 174 Cal.App.2d 184, 344 P.2d 25 (Ct.App.1959) (discharge for refusal to commit perjury before a state investigative body); *Frampton v. Cent. Indiana Gas Co., Inc.,* 260 Ind. 249, 297 N.E.2d 425 (1978) (discharge for filing workers' compensation claim); *Nork v. Fetter Printing Co.,* 738 S.W.2d 824 (Ky.Ct.App.1987) (discharge for refusing to violate state law or exercising a statutorily conferred right); *Monge v. Beebe Rubber Co.,* 114 N.H. 130, 316 A.2d 549 (1974) (discharge for refusing sexual advances of a member of management); *Nees v. Hocks,* 272 Or. 210, 536 P.2d 512 (1975) (discharge for serving on a jury); *General Elec. Co. v. Kunze,* 747 S.W.2d 826 (Tex.Ct.App.1987) (discharge for filing a workmen's compensation claim); *Harless v. First Nat'l. Bank in Fairmont,* 162

W.Va. 116, 246 S.E.2d 270 (1978) (discharge for reporting violations of consumer protection laws).

The issue before this Court is whether the public policy exception extends to these facts. The plaintiff offers two public policy areas for consideration: first, the common law employment at will doctrine which provides the employee the right to terminate his or her employment without retaliation, and second, Tennessee statutory law which makes restraints on trade illegal. T.C.A. § 47-25-101.

## IV. TEST FOR USING THE PUBLIC POLICY EXCEPTION

The Tennessee Courts have yet to articulate a specific test for deciding when to apply the public policy exception to the employment at will doctrine. Nevertheless, they have prudently entertained such public policy exceptions because of its potential impact on commerce. *See Whittaker v. Care-More, Inc.*, 621 S.W.2d 395 (Tenn.App.1981). The Tennessee courts have required that under a cause of action for retaliatory discharge the public policy against such discharge must be clear, well defined, and compelling. *See Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984), *Chism v. Mid South Milling Co. Inc.*, No. 53 (Tenn.Ct.App. Dec. 29, 1987), *Watson v. Cleveland Chair Co.*, 122 L.R.R.M. 2076 (Tenn.Ct.App.1985), *Williams v. Tennessee In-Home Health Services, Inc., et al.*, No. 84-369-II (Tenn.Ct.App. Apr. 26, 1985).

Having reviewed the Tennessee judicial decisions, and the evolving law in this area in other jurisdictions, this Court adopts the analysis from *Grzyb v. Evans*, 700 S.W.2d 399, 400-01 (Ky.1985), to determine whether to apply the public policy exception to the employment at will doctrine. This Court holds that the decision of whether the public policy asserted is appropriate as a public policy exception is a question of law for the court to decide, not a question of fact. *Id.* at 401. The Court adopts the following two prong analysis to decide if the discharge was retaliatory because it violated public policy:

1) The discharge must be contrary to a fundamental and well-defined public policy as evidenced by existing law.
2) That policy must be evidenced by a constitutional or statutory provision.

*Id.*

The test is not only consistent with the Tennessee decisions but crystalizes the considerations used by the Tennessee courts. *See Clanton v. Cain-Sloan Co.*, 677 S.W. 2d 441 (Tenn.1984), *Chism v. Mid-South Milling Co. Inc.*, No. 53 (Tenn.Ct.App. Dec. 29, 1987), *Watson v. Cleveland Chair Co.*, 122 L.R.R.M. 2076 (Tenn.Ct.App.1985). Using the *Grzyb* analysis, this Court shall determine whether the public policy arguments of the plaintiff meet the two prong analysis.

## V. APPLICATION OF THE PUBLIC POLICY EXCEPTION TEST

The plaintiff asserts she satisfies the test for applying the public policy exception to the employment at will doctrine on two grounds. First, plaintiff's termination violates the public policy of the employment at will doctrine which arms employees with the right to terminate their employment without retaliation. Second, that Tennessee's statutory law forbids restraints on trade. Under both of her theories, public policy favors plaintiff's husband's freedom to terminate his employment with the defendant and work with a competitor free from retaliation. The Court shall apply the test articulated above to each of these theories:

### A. *Common Law Employment At Will Doctrine*

The Court GRANTS defendant's summary judgment motion pertaining to plaintiff's employment at will policy argument. The second prong of the public policy exception test requires that the public policy must be evidenced by a constitutional or statutory provision. The plaintiff argues that she satisfies that prong because the employment at will doctrine is a well established rule which "takes on constitutional ramifications as the appellate courts

in Tennessee routinely demur to the legislative branch of government when changes to the at will doctrine are sought." Brief for Plaintiff at 11 (citations omitted).

The plaintiff's argument lacks merit. The fact that the Tennessee courts often defer questions to the legislature does not mean that the public policy is evidenced by a constitutional provision. The plaintiff has confused the process of developing public policy from substantive public policy. The second prong of this analysis ensures that the public policy in question is well defined and firmly grounded in substantive law. For these reasons, the Court GRANTS the defendant's summary judgment motion pertaining to this public policy argument.

## B. *Restraint of Trade Under T.C.A. 47–25–101*

■ The Court DENIES defendant's motion regarding plaintiff's statutory restraint of trade argument. In applying the two prong test above, the Court finds that the public policy exception to the employment at will doctrine extends to Tennessee's statutory policy prohibiting the restraint of trade.

Tennessee has a long standing policy prohibiting arrangements which inhibit free competition. Tennessee Code Annotated holds that:

> All arrangements, contracts, agreements, trusts, or combinations between persons or corporations made with a view to lessen, or which tend to lessen full and free competition in the importation or sale of articles imported into this state, or in the manufacture or sale of articles of domestic growth or of domestic raw material, and all arrangements, contracts, agreements, trusts, or combinations between persons or corporations designed, or which tend, to advance, reduce, or control the price or the cost to the producer or the consumer of any such product or article, are declared to be against public policy unlawful, and void.

T.C.A. § 47–25–101. The Court must determine whether the policies underlying this statute apply to this case. In other words, is the policy argument raised by the plaintiff sufficiently well defined?

The defendant asserts that T.C.A. § 47–25–101 pertains to the importation, manufacture, sale, price or cost of articles and *not* employment situations. Defendant's Reply Brief at 4. The defendant reads the statute too narrowly. This Court and the Tennessee Court of Appeals analyzed the reasonableness of a convenant not to compete in light of the public policy underlying this statute. *Koehler v. Cummings*, 380 F.Supp. 1294, 1305 (M.D.Tenn. 1974), *William B. Tanner Co., Inc. v. Taylor*, 530 S.W.2d 517, 520 (Tenn.Ct.App. 1974) (T.C.A. § 47–25–101, originally was T.C.A. § 69–101). The *Koehler* and *Tanner* decisions indicate that Tennessee's statutory policy discouraging restraint on trade extends not only to competition involving articles, but to competition regarding employment services.

This Court finds that the plaintiff has raised genuine and material issues of fact to survive this summary judgment motion under *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The plaintiff has satisfied the *Grzyb* analysis. The discharge may have been contrary to well defined public policy as evidenced by existing law, namely, Tennessee's long established policy discouraging restraint on trade. Moreover, this policy is evidenced by T.C.A. § 47–25–101. The jury and not the court must serve as the fact finder regarding the circumstances of the discharge; however, the plaintiff has asserted a claim for which relief may be granted and has carried her burden by presenting genuine and material issues of fact.

## VI. SUMMARY

The plaintiff's action for retaliatory discharge rests on the public policy exception to the employment at will doctrine. The plaintiff points to two public policy areas; namely the employment at will common law doctrine itself, and a statutory prohibition against restraint of trade under T.C.A. § 47–25–101. The Court GRANTS the de-

fendant's motion for summary judgment pertaining to the employment at will aspect of plaintiff's claim and DENIES the motion pertaining to the plaintiff's claim involving restraint of trade under T.C.A. § 47–25–101. Thus, the issue of retaliatory discharge regarding restraint of trade under T.C.A. § 47–25–101 shall proceed to trial.

An Order will be entered contemporaneously with this Memorandum.