Joan W. **MOSKAL**, Plaintiff-Appellant,

v.

**FIRST TENNESSEE BANK,**
Defendant-Appellee.

Court of Appeals of Tennessee,
Eastern Section.

Feb. 7, 1991.

Permission to Appeal
Denied by Supreme Court
June 10, 1991.

David A. Burkhalter, II, and Perry H. Windle, III, Knoxville, for plaintiff-appellant.

Maurice Wexler, of Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, P.C., Memphis, and Carl P. McDonald, of Goddard and Gamble, Maryville, for defendant-appellee.

## OPINION

McMURRAY, Judge.

In this "retaliatory discharge" action the plaintiff alleges that she was terminated as an employee of the defendant because she refused to falsify or submit false documents to the Tennessee Student Assistance Corporation and because she "blew the whistle" regarding alleged irregularities and illegalities in the defendant's student loan activities. The trial court granted summary judgment for the defendant and this appeal resulted. For reasons hereinafter stated, we reverse.

## I

## HISTORY OF THE CASE

Plaintiff filed her complaint on January 3, 1990 with interrogatories attached. The defendant responded with a motion for summary judgment and motion for protective order on February 6, 1990. A motion to amend the complaint was filed on March 26, 1990 and another on April 10, 1990. Oral arguments were heard by the court on April 16, 1990 and the case was taken under advisement by the trial judge. Judge Young issued his memorandum opinion on May 16, 1990 and a final order was entered on June 19, 1990.

The final order, among other things, allowed the two amendments to the complaint, stayed all discovery and sustained the defendant's motion for summary judgment "on the ground that there is no genuine issue of material fact and the Defendant is entitled to judgment as a matter of law." Plaintiff's case was dismissed with prejudice. This appeal followed and the plaintiff presented the following issues for review:

1. The trial court erred in holding that there is no public policy exception to the employee-at-will rule when an employee is fired for refusing to engage in illegal activities and for "blowing the whistle" on appellee's illegal activities.

2. The trial court erred in granting summary judgment when the evidence clearly demonstrated, when examined in the light most favorable to appellant, that appellant was fired in retaliation for refusing to violate clear and unambiguous statutes and regulations and for "blowing the whistle" on appellee's illegal activities.

3. The trial court erred in granting an order staying all discovery when appellant had not been afforded any discovery.

## II

## FACTS OF THE CASE[1]

The plaintiff was employed by the defendant on or about October 11, 1988, as a collection clerk working in student loans. Shortly after she was hired, plaintiff was instructed to falsify records to show compliance with Federal laws and regulations. She was required to sign and/or certify the records. She was told that if she refused to falsify such information, that she would "have to seek employment elsewhere."

1. All facts herein stated are taken as true for the purposes of this appeal only.

Further, plaintiff learned that some loan documents pertaining to the student loan program were forged by a bank employee and she was asked to assist in covering up the forgeries. Plaintiff followed the instructions of her superiors for a period of time, but expressed her concern to her superiors that she could be subjected to criminal penalties. She was again told that if she failed to follow instructions she should seek employment elsewhere.

Plaintiff, pursuant to instructions, submitted forged documents to the Tennessee Student Assistance Corporation and also to the U.S. Department of Education. Thereafter, she reported the forgeries to the Loan Program Administrator of the Tennessee Student Assistance Corporation and contacted the F.B.I.

In January, 1989, plaintiff informed her supervisor that she would no longer engage in the unlawful activities and shortly thereafter was terminated. Plaintiff's termination notice was dated January 24, 1989 and simply stated that she was "terminated for violation of policy."

### III

### DISCUSSION OF LAW

██ Clearly, if termination for refusing to engage in illegal activities gives rise to a cause of action for retaliatory discharge, the plaintiff's complaint has stated a cause of action and the defendant is not entitled to judgment as a matter of law. We must therefore examine the state of the law regarding retaliatory discharge as it existed at the time of plaintiff's termination.

Our courts have consistently followed the common law employment-at-will doctrine, i.e., an employee hired for an indefinite term may be terminated for "good cause, bad cause or no cause at all." See *Payne v. Western & Atlantic Railroad Co.*, 81 Tenn 507 (1884). The Supreme Court recognized a retaliatory discharge claim in *Clanton v. Cain–Sloan Co.*, 677 S.W.2d 441 (Tenn.1984), where an employee had been terminated for filing a worker's compensation claim. The court held that a

cause of action for retaliatory discharge, although not explicitly created by the statute, is necessary to enforce the duty of the employer to secure the rights of the employee and to carry out the intention of the legislature. Since *Clanton*, supra, a variety of retaliatory discharge cases have been filed alleging a variety of circumstances under which employers have been charged with violating public policy in discharging employees. With one major exception, each case has been rejected without the court recognizing further public policy or common-law exceptions to the employee-at-will doctrine.

In *Chism v. Mid–South Milling Co., Inc.*, 762 S.W.2d 552 (Tenn.1988), the trial court sustained a motion for summary judgment in favor of the defendant. The Court of Appeals reversed. The issue presented to the court for review was:

"Whether under state law a cause of action for retaliatory discharge arises when an at-will employee is terminated 'solely for refusing to participate in, or to remain silent about illegal activities.'"

The Supreme Court granted permission to appeal and reversed the Court of Appeals. In their decision, the Supreme Court noted that the issue on appeal was not properly raised in the complaint but went further and stated that "if the complaint had properly raised the issue relied upon ... *we might be persuaded to reach a different result.*" (Emphasis added). Here, unlike *Chism*, supra, the complaint fully addresses the issue. Further, the Supreme Court in *Watson v. Cleveland Chair Co.*, 789 S.W.2d 538 (1989) states clearly that "*a cause of action arises* (emphasis added) when an at-will employee is terminated solely for refusing to participate, continue to participate, or remain silent about illegal activities."

### CONCLUSION

Thus, since this case falls within the ambit of *Watson*, supra, we reverse the action of the trial court in granting summary judgment in favor of the defendant. Because of the result reached here, we do not deem it necessary to address the issue of

discovery. Costs of this appeal are taxed to the appellee and the case is remanded for further proceedings as necessary.

FRANKS, J., and JOSEPH M. TIPTON, Special Judge, concur.