# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

June 2, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

MITCHELL L. DARNALL,                 )
                                     )
        Plaintiff/Appellant,         )
                                     )        Williamson Circuit
VS.                                  )        No. I-95381
                                     )
A+ HOMECARE, INC. and                )        Appeal No.
JAMES BRADLEY SMITH,                 )        01A01-9807-CV-00347
                                     )
        Defendants/Appellees.        )


## CONCURRING OPINION


The court has correctly affirmed the summary judgment dismissing Mr. Darnall's Tenn. Code Ann. § 50-1-304 (Supp. 1998) claim. Even though I concur with the court's decision, I have prepared this separate opinion to state my understanding of the elements of a Tenn. Code Ann. § 50-1-304 claim. I find this restatement necessary because of the Western Section's reliance on *Johnson v. St. Francis Hosp., Inc.*, 759 S.W.2d 925 (Tenn. Ct. App. 1988) in *Merryman v. Central Parking Sys., Inc.*, No. 01A01-9203-CH-00076, 1992 WL 330404 (Tenn. Ct. App. Nov. 13, 1992) (No Tenn. R. App. P. 11 application filed).


Prior to the enactment of Tenn. Code Ann. § 50-1-304, the Tennessee Supreme Court recognized a limited exception to the "employment at will" doctrine for certain types of retaliatory discharges. *See Chism v. Mid-South Milling Co.*, 762 S.W.2d 552 (Tenn. 1988); *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984). In 1988, the Western Section panel of this court held that there were four elements to a common-law retaliatory discharge claim and that the fourth element was that there must be "an exclusive causal relationship between the plaintiff's actions and the defendant's actions." *Johnson v. St. Francis Hosp., Inc.*, 759 S.W.2d at 928.

Several years later, a Middle Section panel of this court questioned whether the Western Section's formulation of the fourth element of the retaliatory discharge cause of action was consistent with the "substantial factor" formulation in *Chism v. Mid-South Milling Co. See Anderson v. Standard Register Co.*, No. 01A01-9102-CV-00035, 1992 WL 63421, at *5-6 (Tenn. Ct. App. Apr. 1, 1992), *perm. app. granted* (Tenn. June 29, 1992). When it reviewed the case, the Tennessee Supreme Court revisited the elements of retaliatory discharge claims involving employees who had been discharged after seeking workers' compensation benefits. The Court adhered to the "substantial factor" formulation in *Chism v. Mid-South Milling Co.* and held that the fourth element was that "the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment." *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558 (Tenn. 1993).

The Tennessee Supreme Court's "substantial factor" formulation was more favorable to employees than the Western Section's "exclusive causal relationship" formulation. Thus, the legal effect of *Anderson v. Standard Register Co.* was to reverse the formulation of the fourth element of common-law retaliatory discharge causes of action in *Johnson v. St. Francis Hosp., Inc.* and to replace it with the "substantial factor" formulation in *Anderson v. Standard Register Co.* for all recognized common-law retaliatory discharge causes of action.

Even as the Tennessee Supreme Court recognized a common-law cause of action for retaliatory discharge, it expressed reluctance about establishing Tennessee's public policy in this area. *See Watson v. Cleveland Chair Co.*, 789 S.W.2d 538, 544 (Tenn. 1989). The Tennessee General Assembly responded by enacting the Public Protection Act of 1990[1] which codified the cause of action for retaliatory discharge. The General Assembly did not explicitly spell out the elements of the new statutory cause of action in Tenn. Code Ann. § 50-1-304. While the legislative history indicates that the statute embodies the first three judicially formulated elements of the cause of action, the language of the statute indicates that

---

[1]*See* Act of March 29, 1990, ch. 771, 1990 Tenn. Pub. Acts 256, codified as amended at Tenn. Code Ann. § 50-1-304 (Supp. 1998)

the General Assembly departed from the fourth element - the "substantial factor" element - originally adopted in *Chism v. Mid-South Milling Co.*

Tenn. Code Ann. § 50-1-304(a) states that "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." The General Assembly's choice of the term "solely" means that an employee can prevail with a Tenn. Code Ann. § 50-1-304 claim only if he or she can prove that his or her refusal to participate in or to remain silent about illegal activities was the only reason for the termination. If the employer can articulate any other reason for the termination, the employee's claim will fail. Thus, the statutory standard in Tenn. Code Ann. § 50-1-304 is more deferential to the employer than the "substantial factor" standard adopted by the Tennessee Supreme Court in *Chism v. Mid-South Milling Co.* and *Anderson v. Standard Register Co.*

On this court's first occasion to discuss the elements of a cause of action under Tenn. Code Ann. § 50-1-304, a Western Section panel held that the four elements of a claim under Tenn. Code Ann. § 50-1-304 were the same as the four elements that had been adopted in *Johnson v. St. Francis Hosp., Inc.* Thus, the panel stated that the fourth element of a Tenn. Code Ann. § 50-1-304 claim was that there must be "an exclusive causal relationship between the plaintiff's refusal to participate in or to remain silent about illegal activities and the employer's termination of the employee." *See Merryman v. Central Parking Sys., Inc.*, 1992 WL 330404, at * 6.

The Western Section's return to its "exclusive causal relationship" formulation for the fourth element of claims under Tenn. Code Ann. § 50-1-304 is an unwarranted departure from the statutory text. Because we must enforce plain and unambiguous statutory language as written, *see Hawks v. City of Westmoreland*, 960 S.W.2d 10, 16 (Tenn. 1997), I would hold that the fourth element of a Tenn. Code Ann. § 50-1-304 claim is that the employee was discharged solely for refusing to participate in or to remain silent about illegal activities. Thus, as I understand them, the four elements of a cause of action under Tenn. Code Ann. § 50-1-304 are as follows:

(1)    the plaintiff must be an employee of the defendant;

(2)     the plaintiff must have refused to participate in or to remain silent about illegal activities attributable to the defendant;

(3)     the defendant must have discharged the plaintiff; and

(4)     the defendant must have discharged the plaintiff solely for the plaintiff's refusal to participate in or to remain silent about illegal activities attributable to the defendant.

One might argue that *Merryman's* "exclusive causal relationship" formulation is the functional equivalent of the language of Tenn. Code Ann. § 50-1-304(a). However, adopting the exact language of the statute is more faithful to the statutory text. It will also avoid future pointless litigation over whether there is a difference between establishing that an employee was discharged "solely for refusing to participate in, or for refusing to remain silent about, illegal activity" and that there is an "exclusive causal relationship" between the employee's discharge and his or her refusal to participate in or remain silent about illegal activities.

A party may obtain a summary judgment by affirmatively demonstrating that the nonmoving party will be unable to prove an essential element of its case. *See Byrd v. Hall*, 847 S.W.2d 208, 213 (Tenn. 1993); *Brenner v. Textron Aerostructures*, 874 S.W.2d 579, 584 (Tenn. Ct. App. 1993). In this case, A+ Homecare, Inc. has presented evidence concerning Mr. Darnall's conduct, other than his discussion with the outside auditors, that would warrant his termination. Accordingly, A+ Homecare has demonstrated that Mr. Darnall will be unable to prove an essential element of his case -- that he was terminated solely because he discussed the company's financial transactions with the outside auditors.

_____
WILLIAM C. KOCH, JR., JUDGE