**Rebecca J. BOYD,**

**v.**

**EDWARDS & ASSOCIATES, INC., and Aeronautical Accessories, Inc.**

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

Feb. 9, 2009 Session.

April 30, 2009.

Permission to Appeal Denied by
Supreme Court Dec. 21, 2009.

Charlton R. Devault, Jr., Kingsport, Tennessee, for appellant, Rebecca J. Boyd.

Jennifer P. Keller and David Harvey, Johnson City, Tennessee, for appellees, Edwards & Associates, Inc., and Aeronautical Accessories, Inc.

## OPINION

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Plaintiff filed suit against her employer after having been terminated from her employment, and alleged that her employer had retaliated against her for her whistle blowing activities. In her Amended Complaint, she charged a violation of the Tennessee Public Protection Act, and common law retaliation claims. The Trial Court, without a trial, dismissed plaintiff's Complaint on the grounds that she failed to allege sufficient facts to state a claim under the Tennessee Public Protection Act, and that she also did not state a claim for common law retaliatory discharge. Plaintiff has appealed. We affirm the Judgment of the Trial Court.

In the plaintiff's Complaint, she alleged she was employed by AAI, a wholly-owned subsidiary of Edwards & Associates, Inc., and her job entailed finishing interior plastics. She alleged that on October 24, 2006, she reported an OSHA-reportable violation pertaining to fiberglass sanding to her supervisor, and that her supervisor told her to directly confront the employee, in violation of regulations. She further alleged that management did nothing to correct the problem, so she reported the violation to Mike Baker of the safety department and further told management she would report to OSHA. She alleged she was terminated shortly thereafter, and that defendants retaliated against her for her whistle blowing activities, and asked for compensatory and punitive damages.

Defendants moved to dismiss on the grounds the Complaint failed to state a cause of action. Plaintiff then filed a Motion for Leave to Amend Complaint, seeking to clarify the issues, including the claims of the Tennessee Public Protection Act ("TPPA") and common law retaliation. She also filed an Affidavit, stating she had a good work record and essentially detailed under oath the allegations in her Complaint.

Defendants answered, and admitted that plaintiff was employed by AAI, but denied any workplace safety violations had occurred. Defendants averred that plaintiff's claims were barred by the doctrines of laches, unclean hands, waiver and estoppel, that every action taken with regard to plaintiff's employment was taken for a legitimate, non-retaliatory business reason, and that plaintiff did not engage in any protected activity under Tenn.Code Ann. § 50–1–304 nor common law.

The Trial Court heard the Motion to Dismiss, and determined that it was well-taken and granted the same. The Court found that the Tennessee Occupational Safety and Health Act ("TOSHA") established plaintiff's right to a safe workplace, and the exclusive remedy for redress of alleged violations of TOSHA, but that plaintiff failed to utilize it. The Court found the facts claimed by plaintiff were insufficient to state a claim under the

TPPA, and dismissed plaintiff's claims. On appeal, plaintiff has raised these issues:

1. When an employee objects to, reports, and complains to company supervisors and to the company's safety department about workplace activities which violate OSHA and TOSHA health and safety regulations, is the complaining employee protected from retaliatory discharge because the employee has objected to "illegal activities" within the meaning of the TPPA, codified at Tenn.Code Ann. § 50–1–304?

2. Do the discretionary administrative remedies described in TOSHA at Tenn.Code Ann. § 50–3–409 preclude a retaliatory discharge victim from pursuing a public policy common law retaliatory discharge claim?

3. Does either the TPPA or Tennessee's common law retaliatory discharge public policy require that an employee has to fear being discharged when the employee objects to or complains about a workplace health and safety violation?

4. Did the trial court err in granting the motion to dismiss?

Plaintiff argues that the Trial Court erred in dismissing her claim of common law retaliatory discharge, and her claim under the TPPA.

■ The Trial Court dismissed her common law retaliatory discharge claim because it found that the remedy available pursuant to TOSHA was her exclusive remedy. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn.1992). In *Hodges*, the plaintiff filed a common law retaliatory discharge claim, claiming that he had been terminated because he had to serve on a jury. Our Supreme Court had to determine whether the remedy of reinstatement and lost wages found in the Tennessee jury service statute (Tenn.Code Ann.

§ 22–4–108) was plaintiff's exclusive remedy, and the Court stated that resolution of that issue "necessitated an examination of the state of the law on retaliatory discharge at the time the statute was enacted." *Id.* at 898–899. The Court explained that if the statute created a new right and prescribed a remedy for its enforcement, then "the prescribed remedy is exclusive." *Id.* at 899. Further, the Court explained that when a common law right already exists, and a statutory remedy is subsequently created, the "statutory remedy is cumulative unless expressly stated otherwise", because the legislature is "presumed to know the state of the law on the subject under consideration at the time it enacts legislation." *Id.*

The *Hodges* Court determined that since Tenn.Code Ann. § 22–4–108 had been amended in 1986, two years after the Supreme Court first recognized the tort of retaliatory discharge in *Clanton v. Cain Sloan Co.*, 677 S.W.2d 441 (Tenn.1984), the statutory remedy would be cumulative, not exclusive. *Id.*

In the case before us, the statute (Tenn. Code Ann. § 50–3–409) created a new right and a remedy for its enforcement in 1974, several years before common law retaliatory discharge was recognized in *Clanton*, and the statutory remedy would be exclusive. This precise determination was reached by a federal court in *Ellis v. Rexnord*, 2007 WL 2509689 (E.D.Tenn. Aug.30, 2007).

In *Ellis*, the plaintiff was fired for refusing to work on a machine that he said was unsafe and needed repair. The plaintiff filed a claim of common law retaliatory discharge, asserting that he was fired for attempting to protect his right to a safe work environment, and relied on TOSHA and OSHA as clear public policies promoting workplace safety. The defendant ar-

gued that the claim could not stand because TOSHA established the exclusive remedy for any claim of termination in retaliation for filing a complaint involving workplace safety.[1] The district court agreed, relying on *Hodges,* and held that TOSHA was enacted before the common law tort of retaliatory discharge was recognized, and TOSHA therefore provided the exclusive remedy.

The *Ellis* decision is instructive here, and is in accord with the decisions of the courts of this State. We conclude the Trial Court did not err in holding that plaintiff's claim of common law retaliatory discharge was not applicable, because TOSHA provided the exclusive remedy.

▆▆▆ Plaintiff further argues that the Trial Court erred in dismissing her claim under the Tennessee Public Protection Act, which provides that "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn.Code Ann. § 50–1–304. As we have previously recognized:

> There are four elements in a case under Tenn.Code Ann. § 50–1–304:
>
> (1) Plaintiff's status as an employee;
>
> (2) Plaintiff's refusal to participate in, or to remain silent about, illegal activities;
>
> (3) Employer's discharge of the employee;
>
> (4) Exclusive causal relationship between the Plaintiff's refusal to participate in or remain silent about illegal

activities and the employer's termination of the employee.

*Voss v. Shelter Mut. Ins. Co.,* 958 S.W.2d 342, 344 (Tenn.Ct.App.1997).

In that case, the Court said the plaintiff must show that the employer's violation was the "sole" reason for the discharge. *Id.* This statute defines "illegal activities" as "activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety, or welfare." Tenn.Code Ann. § 50–1–304.

Defendants argue that plaintiff cannot show that she complained about "illegal activities", since the activity of which she complained was merely something that was personally bothersome to her.[2]

Defendants argued, and the Trial Court agreed, that this was simply insufficient to state a claim under the TPPA, because there was no proof of any "illegal activity".

This Court discussed the foregoing requirement at length in the case of *Franklin v. Swift Transportation Co., Inc.,* 210 S.W.3d 521 (Tenn.Ct.App.2006). That Court opined:

> Under the reasoning urged by Franklin, any regulatory infraction by an employer, no matter how minor, can justify an employee's refusal to perform his assigned duties. Indeed, it is hard to imagine a more de minimus regulatory violation than the infraction on which Franklin bases his claim of retaliatory discharge in this case, namely, having a photocopied cab card instead of the orig-

---

1. TOSHA provides that an employee shall not be discharged for exercising any rights afforded by its provisions. TOSHA provides that if an employer violates its provisions, the employee may file a complaint with the commissioner of labor and workforce development within thirty days. Tenn.Code Ann. § 50–3–409.

2. Thus, accepting the allegations of plaintiff's complaint as true, it would appear that plain-

tiff complained to company management personnel about a co-worker's sanding of fiberglass outside the properly ventilated room designated for such activity, and that this action created an offensive smell that bothered her and another worker, and created dust particles which permeated her workstation. Plaintiff concluded that this sanding activity was a violation of TOSHA and OSHA standards.

inal. The Court in *Guy v. Mutual of Omaha* stated clearly that we do not simply look at whether a law or regulation has been violated, but "rather, our inquiry focuses on whether some important public policy interest embodied in the law has been furthered" by the employee's actions. 79 S.W.3d [528] at 538 [ (Tenn.2002) ].

Finding that any regulatory infraction by an employer, no matter how minor, can support a claim of retaliatory discharge would be a clear extension of the law, well beyond the boundaries of any prior Tennessee decision.

In the case before us, plaintiff complained of an activity by a co-worker that she found personally offensive in that it created a foul smell and dust, but did not cite any specific threat either to her own health or safety or that of the public. Plaintiff's claim is factually similar to the claim of the plaintiff in *Sacks v. Jones Printing Company, Inc.*, 2006 WL 686874 (E.D.Tenn. Mar.16, 2006), wherein the plaintiff complained of the company's failure to install a certain type of ventilation system. The federal court found that while the employer's actions might have violated certain OSHA/TOSHA regulations, these regulations were not intended to protect the "health, safety, and general welfare of the public", and thus plaintiff could not show the employer engaged in "illegal activities". Since the plaintiff in this case failed to show that defendants' activities have implicated "fundamental public policy concerns", the Trial Court properly dismissed plaintiff's TPPA claim as well.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Rebecca J. Boyd.