IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned On Briefs December 4, 2017

## ANTONIO LENEAL SIMPSON v. BRADLEY COUNTY, TENNESSEE, ET AL.

**Direct Appeal from the Circuit Court for Bradley County**
**No. V-14-418    J. Michael Sharp, Judge**

_____

**No. E2017-00260-COA-R3-CV**

_____

Appellant filed a complaint after he was terminated from his employment with the Bradley County, Tennessee Sheriff's Department. The complaint alleges a violation of procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution, breach of contract, and violation of Tennessee Code Annotated section 38-8-304. The County filed a motion for summary judgment on various grounds and a second motion to dismiss on the basis that Appellant's claims were barred by the one year statute of limitations. The trial court granted the County's motion for summary judgment and by separate order granted the County's motion to dismiss on the basis that the one year statute of limitations applied. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which RICHARD H. DINKINS, and THOMAS R. FRIERSON, II, J.J., joined.

John McConnell Wolfe, Jr., Chattanooga, Tennessee, for the appellant, Antonio Leneal Simpson.

Thomas E. LeQuire, Chattanooga, Tennessee, for the appellees, Bradley County, Tennessee, Gwen Beavers, and Jim Ruth.

### MEMORANDUM OPINION[1]

_____

[1]Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum

# BACKGROUND AND PROCEDURAL HISTORY

Antonio Leneal Simpson was employed by the Bradley County, Tennessee Sheriff's Department. Mr. Simpson's complaint alleges that he was terminated from his employment with the Sheriff's Department on September 10, 2010, after confronting a student on a school bus regarding bullying against his own daughter. Mr. Simpson alleges that he was not interviewed and that the Sheriff's Department provided no pre-termination hearing.

Mr. Simpson's complaint, which was filed on June 10, 2014, named "Bradley County, Tennessee Government Office," Sheriff Jim Ruth, in his individual and official capacity, and Gwen Beavers, in her individual and official capacity, as defendants. As relevant to this appeal, the complaint alleges a violation of procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution, breach of contract, and violation of Tennessee Code Annotated section 38-8-304.[2]

The County initially filed a motion to dismiss, which resulted in the dismissal of certain claims not at issue in this appeal. The County then filed a motion for summary judgment in August 2016. The County argued that Mr. Simpson was an employee at will, noting that Mr. Simpson signed two acknowledgements affirming his understanding that he was an employee at will, had no contract of employment, and could be terminated without notice and without cause. The County argued that its employee handbook, operations and procedures manual, or other written rules did not create a contract of employment. The County also asserted that, because Mr. Simpson did not have a protected property interest in his ongoing employment, he could not state a claim for violation of his due process rights under the United States Constitution. Finally, the County argued that Tennessee Code Annotated section 38-8-304 did not apply to Mr. Simpson because he had no protected property interest in his employment.

In his response to the motion for summary judgment, Mr. Simpson argued that the "Bradley County Sheriff's Department Employment Protection Plan," created by private act in 1995, "protects plaintiff from arbitrary firing, … from job discrimination based in political affiliation …, and from termination where just cause is absent."[3] Mr. Simpson

---

opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Mr. Simpson also raised racial bias and discrimination claims, claims pursuant to Tennessee Code Annotated section 2-19-202, and employment-related claims against the individual defendants. These claims were dismissed by agreement of the parties.

[3]This quote is the extent of Mr. Simpson's argument regarding the "Sheriff's Department Employment

also argued that the jail division's policy and procedure manual created a "reasonable expectation of continued employment." Mr. Simpson's response to the County's motion for summary judgment relied solely on the documents described above and cited no statutory or caselaw authority for his arguments.

Before arguments on the County's motion for summary judgment, the County filed a second motion to dismiss on September 26, 2016. The County argued that Mr. Simpson's claims for violation of his procedural and substantive due process rights were barred by the statute of limitations. The County asserted that these claims were governed by a one-year statute of limitations by virtue of 42 U.S.C. § 1983 and Tennessee Code Annotated section 28-3-104. Mr. Simpson argued that the County's second motion to dismiss was filed outside the deadline for dispositive motions set out in the trial court's scheduling order. The trial court allowed Mr. Simpson additional time to file a response to the motion to dismiss. In his response, Mr. Simpson argued that 42 U.S.C. § 1981's four-year statute of limitations applied to this case.

On or about October 3, 2016, Mr. Simpson filed a motion to amend his complaint. Mr. Simpson asserted that he did not intend to assert any new claims, but with respect to his claims for breach of contract, he sought to specifically plead that the County breached the private acts of Bradley County, as well as the policies and procedures of the jail division. The motion to amend also sought to include 42 U.S.C. §§ 1981, where applicable. The trial court ultimately granted Mr. Simpson's motion to amend.

On October 21, 2016, the trial court entered an order granting the County's motion for summary judgment. The trial court found that no provision in the employee handbook created a contract for employment and that Mr. Simpson signed multiple acknowledgements regarding his status as an at-will employee. The trial court found that Mr. Simpson "was an employee at will, there was no contract of employment, and Bradley County is entitled to [] summary judgment on the [] breach of contract claim."

The trial court also considered Mr. Simpson's argument that Tennessee Code Annotated section 38-8-304 applies in some way to his employment. The trial court found this section inapplicable to Mr. Simpson's employment with the County because the County created no property interest in his employment and because Mr. Simpson alleged in his complaint that there were procedures in the employee handbook dealing with disciplinary action.

The trial court granted the County's motion to dismiss via separate order, finding

Plan" in the trial court. Mr. Simpson's Response to Defendant's Motion for Summary Judgment did not explicitly argue that this Employment Plan creates a contractual relationship between the parties, nor did he argue that the Employment Plan confers a property interest in his continued employment.

that the one year statute of limitations applied. Ten days later, Mr. Simpson filed his "Amendments to Complaint." After the trial court denied Mr. Simpson's motion to alter or amend, he timely filed this appeal.

## ISSUES

Mr. Simpson, as appellant, raises the following issues on appeal, as we have slightly restated them:

1. Did the trial court err by not applying the terms of the Scheduling Order?

2. Did the trial court err by failing to apply Tennessee Code Annotated section 38-8-304 in Mr. Simpson's favor?

3. Did the trial court err by failing to give the "Private Acts" the status of a contract and thus the advantage of a six (6) year statute of limitations?

4. Given the allegations of the Amended Complaint, should the trial court have applied a four (4) year statute of limitations to the procedural due process issues in this case?

5. Did the trial court err by failing to grant Mr. Simpson's motion to amend to include an ad damnum clause to his complaint?

6. Did the trial court err by finding that Mr. Simpson has no property interest in his employment contract with the County?

7. Did the trial court err by not considering the significance of 42 U.S.C. § 1981, a statute cited by Mr. Simpson as grounds for relief in his Amended Complaint?

The County reframes the issues as:

1. Whether the trial court was correct in granting the County's second motion to dismiss relating to Mr. Simpson's procedural and

substantive due process claims based on the expiration of the applicable one (1) year statute of limitations?

2.      Whether the trial court was correct in granting the County's motion for summary judgment relating to Mr. Simpson's breach of employment contract claims by finding Mr. Simpson was an at-will employee?

3.      Whether the trial court was correct in granting the County's motion for summary judgment relating to Mr. Simpson's claims made pursuant to Tennessee Code Annotated section 38-8-304 by finding that such statute was not applicable to the facts and circumstances of this case?

## STANDARD OF REVIEW

This case was dismissed as a result of both a motion to dismiss and a motion for summary judgment. As we have said regarding our standard of review of a trial court's grant of a motion to dismiss:

The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010); *Trau–Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002).  A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005)).

In considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (citing *Trau–Med.*, 71 S.W.3d at 696).  A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief*." Crews v. Buckman Labs Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002); *see also Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo with no presumption that the trial

5

court's decision was correct. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 429 (Tenn. 2011).

*Jones v. Metropolitan Gov't of Nashville and Davidson Cnty.*, No. M2016-00483-COA-R3-CV, 2017 WL 1372432, at *2 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. Aug. 17, 2017).

A trial court's decision to grant summary judgment presents a question of law, and we review it de novo with no presumption of correctness. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). In doing so, we must make a fresh determination that the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013). Summary judgment is appropriate in virtually any civil case that can be resolved on the basis of legal issues alone. *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 81 (Tenn. 2010). To be entitled to a grant of summary judgment, the moving party must demonstrate "that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04.

## DISCUSSION

A. Failure to adequately develop an argument.

A number of Mr. Simpson's arguments on appeal have been waived because he failed to cite any legal authority for his positions. Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure provides that an appellant's brief must contain an argument setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on." According to the Tennessee Supreme Court, "[a]n issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012).

1. Whether the trial court erred by allowing the County to file a motion to dismiss after the deadline for motions in the Scheduling Order.

Mr. Simpson argues that "the [c]ourt below violated T.R.C.P. 16," but beyond his citation to Rule 16, Mr. Simpson provides no legal authority to support his three-sentence argument that the trial court's consideration of the County's motion to dismiss was improper. "This Court has repeatedly held that a party's failure to cite any authority for its argument leads to a waiver of the issue on appeal." *Yarlett v. Yarlett*, No. M2014-

01036-COA-R3-CV, 2015 WL 3551984, at *4 (Tenn. Ct. App. June 5, 2015)(internal citations omitted).  Thus, this issue is waived.

2. Whether the trial court erred by failing to apply Tennessee Code Annotated section 38-8-304 in the Plaintiff's favor.

Again, Mr. Simpson makes a three-sentence argument, citing no caselaw or other authority. As such, his argument on appeal is waived. *See Yarlett*, 2015 WL 3551984. As we said in *Forbess*:

> This court has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal. *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (failure "to cite to any authority or to construct an argument regarding [a] position on appeal" constitutes a waiver of the issue); *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.").

*Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011).

3. Whether the trial court erred by failing to give the Bradley County Private Acts the status of contract and thus the advantage of a six year statute of limitation.

Mr. Simpson's entire argument on this issue is as follows:

> Yes.  The Sheriff's Employment Protection Plan should have been adjudged a contract. However, the Court below never addressed the status of this plan, which is specifically included in the record and particularly addressed in the Amended Complaint.

(Internal citations omitted.)  Mr. Simpson's brief on appeal fails to construct an argument on this issue.  "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010).

B. The Trial Court's Dismissal of Mr. Simpson's remaining claims.
1. Mr. Simpson's employment status with the County.

7

Many of Mr. Simpson's arguments presuppose that he had a protected property interest in his employment. In order to determine which statute of limitations, and whether Mr. Simpson was entitled to procedural due process, we must first determine whether Mr. Simpson had a contract for employment, which could create a property interest in his continued employment. The employment-at-will doctrine is a long standing rule in Tennessee, and it recognizes the right of either the employee or the employer to terminate the relationship at any time – for good cause, bad cause, or no cause at all. *Harney v. Meadowbrook Nursing Ctr.*, 784 S.W.2d 921, 922 (Tenn. 1990). "In order to rebut this presumption of at-will employment, the party seeking to do so must come forward with admissible and relevant evidence to support a finding that the employment relationship was contractual or was for a definite period of time." *Sudberry v. Royal & Sun Alliance*, 344 S.W.3d 904, 912 (Tenn. Ct. App. 2009).

Mr. Simpson argues that the jail policies and procedures and the handbook combined to create a property interest in continued employment with the County. Mr. Simpson argues that it is this combination that triggered the rights to procedural due process guaranteed in the Fourteenth Amendment of the United States Constitution. We have reviewed these documents, as they are contained in the record, and we can find nothing that would change Mr. Simpson's employment status from at-will to contractual.[4]

Mr. Simpson argues that the employee handbook "is subject to protections that the State of Tennessee or statutory law may provide." "An employee handbook may become a binding part of an employment contract if it contains specific language showing the employer's agreement to be bound by its provisions." *Lee v. City of LaVergne*, No. M2001-02098-COA-R3-CV, 2003 WL 1610831, at *2 (Tenn. Ct. App. Mar. 28, 2003). Here, however, neither the handbook nor any provision of state law expressly creates a contract of employment, and, in fact, the employee handbook specifically states that it does not create a contract of employment between Bradley County and any of its employees. We can "conceive no clearer way for an employer to express its intent not to be bound by an employee handbook's provision than the employer's specific statement that the handbook is not a contract[.]" *Id.* at *2 (quoting *Reed v. Alamo Rent-A-Car*, 4 S.W.3d 677, 688 (Tenn. Ct. App. 1999)).

The jail policies and procedures provide for various types of discipline, including a verbal warning, written reprimand, suspension and/or probation, and termination. Each of these forms of discipline may be issued for "just cause," but the policies contain no indication that the discipline is required to be progressive in nature. The jail policies and procedures also never indicate that they serve to create any kind of contract of

---

[4]Mr. Simpson also argued that the Bradley County private act created a contract and thereby created a property interest, but as noted previously in this opinion, his argument regarding the private act was waived.

employment for jail employees. Nothing in the documents upon which Mr. Simpson relies contain specific language showing the County's guarantees or binding commitments. *See Sudberry*, 344 S.W.3d at 912. Especially read in conjunction with the acknowledgements Mr. Simpson executed noting his status as an at-will employee, we cannot conclude that any of the documents relied upon by Mr. Simpson rebutted the strong presumption of at-will employment.

Because Mr. Simpson was an employee at-will, he had no protected property interest that would give rise to due process considerations. *See Miller v. City of Murfreesboro*, 122 S.W.3d 766, 775 (Tenn. Ct. App. 2003); *Lee*, 2003 WL 1610831, at *1-2. An at-will employee has no entitlement to his or her position and is not deprived of a property interest if he or she is summarily dismissed. *Faulkner v. City of Bartlett*, No. W2008-02225-COA-R3-CV, 2009 WL 1841743, at *4 (Tenn. Ct. App. June 29, 2009) (citing *Lee*, 2003 WL 1610831, at *1). "'Public employees without tenure or statutory civil service protection are employees at will and erroneous reasons or lack of reasons for dismissal afford no basis for reinstatement.'" *Id.* at *6 (quoting *Kerr v. Cross*, Nos. 40 and 41, 1986 WL 6611, at *1 (Tenn. Ct. App. E.S. June 13, 1986)).

2. Whether the trial court should have applied a four year statute of limitation to the procedural due process claims.

Mr. Simpson's argument on this issue, in its entirety, is:

Yes, because these are issues of contracts and economics rather than of bodily injury, the [trial court] should have applied the limitations inhering in a 42 U.S.C. § 1981 claim, which reaches cases of discrimination in public and private contracts. Simpson filed his case on June 10, 2014, well within four (4) years of his firing.

Mr. Simpson's brief does nothing else to explain his position on the applicability of 42 U.S.C section 1981 to this claim. However, given our holding that Mr. Simpson did not have a contract of employment with the County, 42 U.S.C section 1981 is inapplicable.

3. The applicable statute of limitations.

Because we held that Mr. Simpson had no contract of employment with the County and is, therefore, an at-will employee, his claims are subject to the one-year statute of limitations. *See Sudberry*, 344 S.W.3d at 912. As such, the dismissal of his claims was appropriate and is therefore affirmed.

9

All remaining issues are pretermitted.

## CONCLUSION

We affirm the trial court's judgment in all respects. Costs of this appeal are assessed against the appellant, Antonio Leneal Simpson, and his surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

10