Geraldine **HARNEY**, Plaintiff/Appellee,

v.

**MEADOWBROOK NURSING CENTER**
**and Ayers & Associates,**
**Defendants/Appellants.**

Supreme Court of Tennessee,
at Nashville.

Jan. 22, 1990.

Rehearing Denied Feb. 26, 1990.

Shearon S. Weems, Legal Services of South Cent. Tennessee, Inc., Columbia, for plaintiff/appellee.

Charles Hampton White, Cornelius & Collins, Nashville, for defendants/appellants.

**1.** T.C.A. § 50–7–703 pertains to the penalty for refusal to obey a subpoena issued under the

OPINION

O'BRIEN, Justice.

This is retaliatory discharge action in which the plaintiff/employee alleges she was discharged from her position as a nurse's aid at the defendants' nursing home as a result of her unfavorable testimony in an administrative hearing regarding an unemployment compensation claim filed by a former co-worker. The complaint charged that the termination of employment violated the public policy of the State of Tennessee as set forth in T.C.A. § 50–7–703 and T.C.A. Title 50, Chapter 5.[1]

Defendants answered that the complaint failed to state a claim upon which relief can be granted; affirmatively stated that plaintiff was an at-will employee; that T.C.A. § 50–7–703 affords no protection to a witness for testifying and did not shield plaintiff from disciplinary action based upon perjured testimony in an unemployment compensation proceeding. The answer denied that plaintiff's testimony at the hearing was truthful and averred she had admitted her testimony was false.

Subsequently defendants filed a motion for summary judgment asserting there was no genuine issue of material fact and they were entitled to a judgment as a matter of law.

Two judges participated in this matter in the trial court. The first heard the motion for summary judgment upon depositions in support of the motion, oral arguments and written briefs of counsel. The court concluded that the appellate courts of this State had recognized causes of action for retaliatory discharge from employment at-will under facts similar to those alleged by the plaintiff and that a genuine issue of material fact existed as to whether or not the plaintiff testified truthfully, innocently testified falsely, or intentionally testified falsely. He held that while summary judgment would be appropriate if the facts were undisputed about an intentional misrepresentation of fact by the plaintiff as a

aegis of the Employment Security Law. T.C.A. —Title 50, Chapter 5 is the Child Labor Act.

witness in an employment compensation case, and possibly even for negligent misrepresentation, it was possible that a cause of action existed for wrongful or retaliatory discharge if plaintiff's testimony in the unemployment compensation hearing was truthful. Since this fact was in dispute the court overruled the motion for summary judgment.

The case came on to be heard approximately a year later, before another judge, on the pleadings, the testimony of witnesses, the exhibits, the argument of counsel and the record in the cause. Upon consideration of the foregoing the Court found that the plaintiff was an employee-at-will and, under existing State law, had no cause of action against the defendant for her dismissal as an employee. The plaintiff's action was dismissed.

The intermediate appellate court found that there were sharply disputed issues of fact and the credibility of the witnesses was first to be determined by the trial court. They found the issues to be that although plaintiff was an employee-at-will her insistence was she was wrongfully discharged and her discharge, under the rationale of *Clanton v. Cain–Sloan Co.*, 677 S.W.2d 441 (Tenn.1984) was actionable. They found her contention to be that she was fired because she gave testimony under subpoena which was allegedly unfavorable to the defendant at an employment compensation hearing. On the other hand, the defense was that she was discharged because she lied under oath and that no cause of action existed to challenge plaintiff's termination as an at-will employee, whatever the reason might be.

The court cited *Clanton*, supra, for the statement that "an employee is entitled to exercise his rights under the Workers' Compensation Law 'in an unfettered fashion without being subject to reprisal.'" They ruled that this rationale extends to plaintiff's circumstance. Actually, the foregoing statement in *Clanton* is a citation from the Indiana Supreme Court's decision in *Frampton v. Central Indiana Gas Company*, 260 Ind. 249, 297 N.E.2d 425 (1973) which this Court noted as the leading case recognizing a cause of action for retaliatory discharge, specifically as it applies under the Workers' Compensation Laws. This Court ruled in *Clanton* that, "[A] cause of action for retaliatory discharge, although not explicitly created by the statute, [T.C.A. § 50–6–114], is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature. A statute need not expressly state what is necessarily implied in order to render it effectual." (Citations omitted).

The long standing rule in this State is that an employee-at-will may be discharged without breach of contract for good cause, bad cause or no cause at all, without being thereby guilty of legal wrong. Either the employer or employee may terminate the relationship at will. See *Clanton*, supra, p. 443; *Payne v. Western & Atlantic Railroad Company*, 81 Tenn. 507, 519–520. (13 Lee) (1884).

*Clanton* did not create a new exception to the foregoing rule. The Court merely recognized that implicit within the provisions of T.C.A. § 50–6–114 a cause of action existed to prevent an employer from utilizing retaliatory discharge as a device to defeat the rights of an employee under the Workers' Compensation Law. The decision was not intended as a license for the courts to enlarge on the employee-at-will rule or create other exceptions to public policy or the common-law in the absence of some constitutional or legislative precedent.

The lower court has suggested that T.C.A. § 50–7–711 is somehow involved here on the issue of public policy. We are of the opinion that T.C.A. § 50–7–711 has no application in this case. The plaintiff herein was subpoenaed to testify at an employment compensation hearing of a fellow employee. Defendants were present, as they were entitled to be. They made no attempt to interfere with plaintiff's testimony. There was an honest difference of opinion between her and the defendants, who at the time were her employers, about whether her testimony was true or false. She was an employee-at-will. This Court

has discussed the issue at length in *Chism v. Mid–South Milling Co.*, 762 S.W.2d 552, 558 (Tenn.1988):

> "The doctrine of employment at will has long been recognized in this state, with the concomitant right of either party to terminate such a relationship with or without cause...." (Citations omitted). "Both by statute and case law in this and other states some restrictions have been imposed upon the right of an employer to terminate an employee, usually for reasons of well-defined public policy. For example, in Tennessee any right to terminate an employee for service on a jury has been eliminated, and statutory sanctions for violation have been provided. *See* T.C.A. § 22–4–108(f). There are restrictions upon employment or termination of persons for discriminatory reasons involving race, creed, color, sex, age, religion or national origin. *See* T.C.A. § 4–21–402(a). There are similar restraints to prevent discrimination in the hiring and termination of handicapped persons. *See* T.C.A. § 8–50–103; *see also Plasti–Line, Inc. v. Tennessee Human Rights Comm'n*, 746 S.W.2d 691 (Tenn.1988)...."

> "It is obvious that the exception cannot be permitted to consume or eliminate the general rule. Corporate management, in cases such as this, must be allowed a great deal of discretion in the employing or discharging of corporate officers, where the latter are not employed for a definite term and have no formal contract of employment. *Whittaker v. Care–More, Inc.*, 621 S.W.2d 395, 397 (Tenn.App.1981). To be liable for retaliatory discharge in cases such as this, the employer must violate a clear public policy. Usually this policy will be evidenced by an unambiguous constitutional, statutory or regulatory provision. Further, the violation must be a substantial factor in the termination of an at-will employee, agent or officer."

No public policy was violated in this case. Accordingly we vacate the judgment of the Court of Appeals and reinstate the judgment of the trial court. The costs on this appeal are assessed against the appellant.

The case is remanded to the trial court for such other and further proceedings required.

DROWOTA, C.J., and FONES, COOPER and HARBISON, JJ., concur.