946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald G. TEZZA, Lynn C. Tezza, Plaintiffs-Appellants,
v.
MCDEVITT & STREET COMPANY, Defendant-Appellee.
 No. 91-5476.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald and Lynn Tezza, resident citizens of Memphis, Tennessee, appeal the district court's order granting the defendant's motion to dismiss in their action for retaliatory discharge of employment. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Appellants allege that Donald Tezza was fired by his employer McDevitt & Street Company (a Florida corporation doing business in Memphis, Tennessee) on or about March 23, 1988 after he refused to participate in, or remain silent about, his employer's illegal or improper activities. They allege that Donald Tezza's discharge constitutes a public policy tort in violation of Tennessee law and they also made separate claims for outrageous conduct, loss of consortium and breach of implied contract.
 
 
 3
 The Tezzas originally filed their action in a Tennessee state court. The defendant subsequently removed the case to the federal district court pursuant to 28 U.S.C. §§ 1332 and 1441. The district court granted the defendant's motion to dismiss all claims, finding that at the time of Donald Tezza's discharge, the laws of Tennessee did not prohibit employers from firing employees who refused to engage in, or remain silent about, employer's illegal activities. They then filed a timely notice of appeal.
 
 
 4
 On appeal, they reassert the retaliatory discharge claim but abandon the outrageous conduct, loss of consortium and breach of implied contract claims. Both parties have waived oral argument.
 
 
 5
 Jurisdiction in this court is based on diversity of citizenship and Tennessee law controls. See Erie Railway v. Tompkins, 304 U.S. 64 (1938).
 
 
 6
 Tennessee is an employment-at-will jurisdiction where an employer can fire an employee at will for good cause, for no cause, or even for cause morally wrong. See Whittaker v. Care-More, Inc., 621 S.W.2d 395, 396 (Tenn.App.1981). Unless modified by statute, this rule of law controls in Tennessee.
 
 
 7
 Employees can be discharged for refusing to engage in, or remain silent about illegal activities of their employer. See Watson v. Cleveland Chair Co., 789 S.W.2d 538, 540 (Tenn.1989); see also Harvey v. Meadowbrook Nursing Center, 784 S.W.2d 921, 922 (Tenn.1990). The courts have made an exception to this rule where statutory policy has been violated, see Clanton v. Cain-Sloan & Co., 677 S.W.2d 441, 445 (Tenn.1984) or where the employer has violated a clear public policy, see Chism v. Mid-South Milling Co., Inc., 762 S.W.2d 552, 556 (Tenn.1988). However, the Watson court found it was inappropriate for the Tennessee courts to establish public policy or adopt an exception to the common law in the absence of some constitutional or legislative precendent. See Watson, 789 S.W.2d at 544.
 
 
 8
 On March 29, 1990, the Tennessee legislature enacted a statute prohibiting employers from firing employees who refuse to engage in, or remain silent about, the employer's illegal activities. However, the law cannot be applied retroactively and is not applicable under the facts of this case because Tezza was fired on or about March 23, 1988. The enactment of this law supports the appellee's argument that prior to March 29, 1990, there was no common law claim in Tennessee for retaliatory discharge. Therefore, the district court properly dismissed the Tezzas' complaint.
 
 
 9
 The appellant's claims for outrageous conduct, loss of consortium and breach of implied contract have been abandoned on appeal and are not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 10
 Accordingly, the district court's order granting the defendant's motion to dismiss is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.