# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 14, 2014 Session

## PHILLIP DEAN PATRICK v. NELSON GLOBAL PRODUCTS, INC.

### Appeal from the Circuit Court for Anderson County
### No. B3LA0183        Donald R. Elledge, Judge

---

### No. E2013-02444-COA-R3-CV-FILED-JULY 30, 2014

---

This is a retaliatory discharge action filed by Phillip Dean Patrick ("Plaintiff"), a former employee of Nelson Global Products, Inc. ("the Employer"). Plaintiff alleged that, on a day during his employment, he was standing nearby when a co-worker sustained a work-related injury. Plaintiff alleged that he was unlawfully terminated after the injured co-worker filed a claim for workers' compensation benefits. According to Plaintiff, the co-worker's filing was a "substantial factor" in the Employer's decision to discharge him. The trial court granted the Employer's Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Curt W. Isabell, Clinton, Tennessee, for the appellant, Phillip Dean Patrick.

James A. Burns, Jr. and Hannah L. Sorcic, Chicago, Illinois, and Timothy B. McConnell and Latisha J. Stubblefield, Knoxville, Tennessee, for the appellee, Nelson Global Products, Inc.

# OPINION

## I.

According to the complaint, Plaintiff began working for the Employer in July 2010. He alleges that he always performed his work duties in an "exemplary, competent" manner. On or about September 26, 2012, Plaintiff was at work, standing near a co-worker, James Sprankles, when Sprankles suffered a work-related injury. As a result of the accident, Sprankles filed a claim for workers' compensation. In November 2012, the Employer terminated Plaintiff.

Plaintiff filed a "retaliatory discharge complaint" in June 2013. Simply stated, Plaintiff alleges that he was terminated because he was standing near Sprankles when he was injured. Based on the foregoing, Plaintiff sought to recover his lost wages and other economic damages related to his alleged unlawful discharge plus punitive damages resulting from the Employer's intentional, malicious, and reckless action. In response, the Employer filed a motion to dismiss asserting that the complaint fails to plead facts supporting essential elements of an action for retaliatory discharge. The trial court agreed and dismissed the complaint. Plaintiff timely filed a notice of appeal.

## II.

Plaintiff raises issues for our review. At their core, they present one question:

> Do the allegations of the complaint make out a cause of action
> for retaliatory discharge?

## III.

The well-settled, often-recited standard governing our review of a Rule 12.02(6) motion to dismiss for failure to state an actionable claim has been articulated as follows:

> A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. A defendant who files a motion to dismiss " 'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.' "

In considering a motion to dismiss, courts " 'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.' " A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." We review the trial court's legal conclusions regarding the adequacy of the complaint de novo.

\* \* \*

To be sufficient and survive a motion to dismiss, a complaint must not be entirely devoid of factual allegations. Tennessee courts have long interpreted Tennessee Rule of Civil Procedure 8.01 to require a plaintiff to state " 'the facts upon which a claim for relief is founded.' " A complaint "need not contain detailed allegations of all the facts giving rise to the claim," but it "must contain sufficient factual allegations to articulate a claim for relief." "The facts pleaded, and the inferences reasonably drawn from these facts, must raise the pleader's right to relief beyond the speculative level."

\* \* \*

[C]ourts are not required to accept as true assertions that are merely legal arguments or "legal conclusions" couched as facts.

*Webb v. Nashville Area Habitat for Humanity, Inc*., 346 S.W.3d 422, 426-27 (Tenn. 2011)(citations omitted).

IV.

Plaintiff argues that the complaint makes out a prima facie action for retaliatory discharge. Therefore, according to him, this case should proceed to trial. The heart of his claim is contained in the following, specific allegations of the complaint:

The [Employer] . . . violated Tennessee common law by entering into a retaliatory discharge of the Plaintiff due to the Plaintiff allegedly being in the vicinity of another employee over whom the Plaintiff was not a supervisor or safety engineer at the time

. . . Sprankles suffered a work related injury and subsequently asserted a claim for workers['] compensation benefits. The assertion of a claim for workers['] compensation benefits by . . . Sprankles was a substantial factor in the [Employer's] termination of the Plaintiff.

First, it is undisputed that Plaintiff was an at-will employee. "Employment-at-will is the fundamental principle controlling the relationship between employers and employees." **Mason v. Seaton**, 942 S.W.2d 470, 474 (Tenn. 1970). The Supreme Court has articulated that the "long standing rule in this State is that an employee-at-will may be discharged without breach of contract for good cause, bad cause or no cause at all, without being thereby guilty of legal wrong." **Id**. (quoting **Harney v. Meadowbrook Nursing Center**, 784 S.W.2d 921, 922 (Tenn. 1990)). At the same time, "even under the common law, an employee is protected from discharge in retaliation for attempting to exercise a statutory or constitutional right, or in violation of a well-defined public policy." **Id**. To that end, as one example, Tennessee has long recognized that an implicit cause of action exists within the Workers' Compensation Act, *see* Tenn. Code Ann. § 50-6-101, et seq. ("the Act") "to prevent an employer from utilizing retaliatory discharge as a device to defeat the rights of an employee under the . . . Act." **Harney**, 784 S.W.2d at 922.

The primary purpose of the Act, of course, is to secure benefits to injured workers who fall within its coverage. *See* **Turner v. Bluff City Lumber Co.**, 189 Tenn. 621, 227 S.W.2d 1 (1949). In **Clanton v. Cain-Sloan Co.**, 677 S.W.2d 441 (Tenn. 1984), the Supreme Court permitted an employee who was allegedly fired for exercising her rights under the Act to pursue a retaliatory discharge action. Even so, the Supreme Court has observed that "**Clanton** did not create a new exception" to the general rule of employment at will. **Harney**, 784 S.W.2d at 922. Rather, it simply recognized that "the tort action of retaliatory discharge [is] available to employees discharged as a consequence of an employer's violation of a clearly expressed statutory policy" – in that case, an employee's exercise of his rights under the Act. **Hodges v. S.C. Toof & Co.**, 833 S.W.2d 896, 899 (Tenn. 1992).

We return to the case at bar. To prevail on a claim for common law retaliatory discharge, Plaintiff must prove four essential elements, as follows:

(1) that an employment-at-will relationship existed;

(2) that the employee was discharged;

(3) that the reason for the discharge was that the employee attempted to exercise a statutory or constitutional right, or for

-4-

any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and

(4) that a substantial factor in the employer's decision to discharge the employee was the employee's exercise of protected rights or compliance with clear public policy.

*Webb*, 346 S.W.3d at 438 (citing ***Kinsler v. Berkline, LLC***, 320 S.W.3d 796, 800 (Tenn. 2010); *accord* ***Gossett v. Tractor Supply Co., Inc***., 320 S.W.3d 777, 781 (Tenn. 2010)).

In this case, there is no question the first two elements are met. The Employer asserts that the complaint is fatally deficient as to the remaining two, generally stated elements – first, that Plaintiff was discharged in violation of a clear public policy and second, that a substantial factor in the Employer's decision to discharge him was Plaintiff's exercise of protected rights or compliance with clear public policy. Plaintiff elaborates his position in his brief:

> [T]he Complaint against [the Employer] is for damages resulting from the termination of Plaintiff['s] . . . employment due to his proximity to a co-worker at the time the co-worker suffered a work related injury and that co-worker subsequently filed a claim for workers' compensation benefits.
>
> \* \* \*
>
> If employers are allowed to fire co-workers who witnessed the work injury . . . this action will work to penalize employees for filing workers' compensation claims. If a co-worker may lose their job if the injured worker asserts a claim for benefits just because they were in the vicinity . . . at the time of the injury and witnessed the work injury, then that possible discharge of the witness . . . would have a deleterious effect on the exercise of a statutory right.
>
> \* \* \*
>
> The firing of witness co-workers to work injuries is a devi[c]e that would operate to relieve the employer of its obligations created by the workers compensation act and therefore

retaliatory discharge is an available cause of action for the witness.

Plaintiff suggests, unconvincingly, that his claim implicates the Act and, according to Plaintiff, the Act's "clear public policy that employees should be protected from having their employment terminated for asserting a workers' compensation claim." Again, "the action for retaliatory or wrongful discharge recognizes that, in limited circumstances, certain well-defined, unambiguous principles of public policy confer upon employees implicit rights which must not be circumscribed or chilled by the potential of termination. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 717 (Tenn. 1997); *Chism v. Mid-South Milling Co*, 762 S.W.2d 552, 555-57 (Tenn. 1988)(citing examples). "Therefore, the tort action of retaliatory or wrongful discharge is available to employees discharged as a consequence of an employer's violation of a clearly expressed public policy." *Id*. (citing *Reynolds v. Ozark Motor Lines, Inc*., 887 S.W.2d 822, 823 (Tenn. 1994); *Hodges*, 833 S.W.2d 896 at 899.

An examination of the complaint makes it evident that Plaintiff cannot prevail. He does not allege that he was terminated because of his own exercise of a statutory or constitutional right. Plaintiff was not an injured employee attempting to exercise his right to seek the Act's benefits as a result of a work-related accident. Plaintiff does not even allege that Sprankles' right to seek compensation for his work injury was chilled or otherwise impeded. Moreover, his insistence that his termination violates the clear public policy of the Act is at best a bald, conclusory allegation that we do not accept. Plaintiff points to no authority for his apparent position that the retaliatory discharge action recognized in *Clanton* should be broadened to encompass bystanders, co-workers, or witnesses to work-related injuries sustained by another employee. The Supreme Court has cautioned that its decision in *Clanton* "was not intended as a license for the courts to enlarge on the employee-at-will rule or create other exceptions to public policy or the common-law in the absence of some constitutional or legislative precedent." *Harney*, 784 S.W. 2d at 922.

Taking the allegations of the complaint as true, as we must, and with all reasonable inferences construed in Plaintiff's favor, we conclude that the allegations of the complaint are insufficient to state a cause of action for common law retaliatory discharge. Plaintiff has failed to allege a well-defined, unambiguous principle of public policy that was violated by his discharge and he does not allege that *his* exercise of a protected right or compliance with clear public policy was a substantial factor in the Employer's decision to terminate him. Accordingly, the trial court did not err in dismissing the complaint.

V.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Phillip Dean Patrick. The case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE